## APPEAL OF LARROWE MILLING CO.

Docket No. 2733.    Submitted June 23, 1925.    Decided December 23, 1925.

*J. H. Amick, C. P. A.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1918 in the amount of $31,775.48. The portion of the deficiency involved in this appeal is less than $10,000.

The questions presented are:

1. Whether expenditures made during the years 1909 to 1912, inclusive, for office furniture and equipment, and charged out of income, should be now capitalized with resulting increase in invested capital for the year 1918 and reduction in income by reason of depreciation on the amount so capitalized.

2. Whether the excessive cost of machinery, charged off as expense in 1918, should be capitalized and depreciated.

3. Whether, in disallowing the deduction as expense of the excessive cost of machinery and additions to buildings, the Commissioner made a duplication in the increase in the taxpayer's income for 1918.

### FINDINGS OF FACT.

The taxpayer is an Ohio corporation, with principal office in Detroit, Mich., and during 1918 was engaged in the manufacture and sale of feed for dairy cows.

During the years 1909 to 1916, inclusive, the taxpayer followed the practice of charging to expense account all expenditures made in the acquisition of office furniture and equipment, including typewriters, desks, chairs, and similar articles. The amount totaled $7,483, as follows.

| | |
|---|---:|
| 1909 | $176. 67 |
| 1910 | 1, 030. 71 |
| 1911 | 5, 235. 94 |
| 1912 | 35. 00 |
| 1913 | -------- |
| 1914 | 386. 36 |
| 1915 | -------- |
| 1916 | 618. 30 |

In ascertaining the taxpayer's invested capital for 1918, the Commissioner included therein the cost of furniture and office equipment acquired in the years 1914 and 1916, as shown above, in the total amount of $1,004.66, but did not include in invested capital for the year 1918 any part of the cost of the furniture and office equipment purchased in the years 1909 to 1912, as set forth above. In determining the taxpayer's net income for 1918, the Commissioner allowed depreciation at the rate of 10 per cent on the cost of the furniture and office equipment acquired in the years 1914 and 1916, but made no allowance by way of depreciation for such purchases in the years 1909 to 1912, inclusive.

A reasonable allowance for the exhaustion, wear and tear in 1918 of the furniture and office equipment, which cost the taxpayer $7,483 during the years 1909 to 1916, inclusive, is $748.30.

During the year 1918 the taxpayer increased its plant facilities by additions to buildings and machinery. It considered a part of that cost to be exorbitant and charged that portion to expense. The total amount of capital expenditures improperly charged off as expense was $5,714.37. Of this amount, $3,270.89 represented the amount charged off to profit and loss on account of machinery, and the balance of $2,443.48 represented the amount charged off in respect to the cost of buildings.

The Commissioner restored said amount of $5,714.37 to the income of the taxpayer, but neglected to allow any depreciation upon that portion of the cost of buildings and machinery so improperly charged to expense. The Commissioner admits that deductions for depreciation should be allowed, and the Board finds that the allowance for the exhaustion, wear and tear on the excess cost of said property should be at the same respective rates as were applied to the property of which such amounts were a part of the cost.

When the Commissioner restored said amount of $5,714.37 to the taxpayer's income for 1918, he treated that amount as written off by the taxpayer under the designation of depreciation.

The Commissioner also increased the taxpayer's income for 1918 in the amount of $3,720.89 under the heading "Excess cost of machinery." Said amount of $3,720.89 was included in the amount of $5,714.37, and the action of the Commissioner constituted a duplication of the increase in the taxpayer's income to the amount of said $3,720.89. Accordingly, the net income of the taxpayer for 1918 was overstated by the Commissioner in the amount of $3,720.89.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. The invested capital for 1918 should include the sum of $7,483 as the cost of furniture and office equipment, less depreciation to the taxable year. Final determination will be settled on 7 days' notice, under Rule 50.